**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0321n.06
Filed: May 5, 2006

**No. 05-1461**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TRES GALANES CORPORATION and DOS MAS GALANES CORPORATION, | ) ) ) | |
| Plaintiffs-Appellees. | ) ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) | EASTERN DISTRICT OF MICHIGAN |
| VICTOR CORDOBA, YVONNE CORDOBA, and EL ZOCALO, INCORPORATED, | ) ) ) ) | **OPINION** |
| Defendants-Appellants. | ) ) | |
| THE CITY OF DETROIT and UNITED STATES OF AMERICA, | ) ) ) | |
| Defendants. | ) ) | |

BEFORE:  BOGGS, Chief Judge, SUTTON, Circuit Judge, and SCHWARZER,[*] Senior District Judge

WILLIAM W SCHWARZER, Senior District Judge.  Tres Galanes Corporation and Dos Mas Galanes Corporation (collectively, "Tres Galanes") brought this action against Victor Cordoba, Yvonne Cordoba, and El Zocalo, Inc. (collectively, "Cordoba")  to quiet title to certain disputed property.  The United States, originally a party as a tax lienholder, removed the action from state court.  The district court granted Tres Galanes's motion for summary adjudication of the quiet title

_____

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

claim (Count 1) and remanded the remaining claims for lack of federal jurisdiction. We have

jurisdiction of Cordoba's appeal and affirm.

Because the parties are familiar with the facts, we recite them here only to the extent

necessary for our decision. The district court held Cordoba's interest in the disputed property to be

a fee simple with a reverter interest in the City of Detroit ("City of Detroit"). Reverter depended

upon whether Cordoba met the terms of a development agreement. The district court, based upon

a prior state court decision, held that Cordoba's development of the property did not satisfy the

agreement and that Cordoba had defaulted. As a result, ownership of the property reverted to

Detroit, which then had authority to convey it to Tres Galanes.

We review de novo a district court's grant of summary adjudication. *Tucker v. Union of

Needletrades,* 407 F.3d 784, 787 (6th Cir. 2005). To prevail in a quiet title action on summary

judgment, defendants must be able to claim title superior to that of the plaintiffs with the district

court construing all reasonable inferences in the defendants' favor. *See Beulah Hoagland Appleton

Qualified Personal Residence Trust v. Emmet County Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich.

Ct. App. 1999).

The Michigan Court of Appeals found that the development agreement "provided that, in the

event of [Cordoba's] default, the property would revert to [Detroit]." *Cordoba v. City of Detroit*, No.

221319, 2001 WL 1009308, at \*1 (Mich. Ct. App. Sept. 4, 2001), *cert. denied,* 646 N.W.2d 470

(Mich. 2002). The property's conveyance depended upon Detroit's "determination that the

[development] project was substantially complete." *Id*. Viewing the facts in the light most

favorable to Cordoba, the Court of Appeals held that "we do not believe that reasonable minds could

conclude that [Detroit] received 'essentially' what it was entitled to under the [development agreement] contract" and that Cordoba "fail[ed] to create a genuine issue of material fact as to whether [he] substantially completed his contractual obligation." *Id*. at 2. Based upon the state court's decision, Cordoba is estopped from claiming an interest in the property under the development agreement. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 n. 23 (1979) ("[T]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."); *see also Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir. 1987).

To the extent Cordoba's claim is based on the "Release of Reverter Interest," executed by Henry Hagood, it is sufficient to note that Hagood lacked authority to provide such a release. Under the Detroit City Code, only the Detroit City Council has authority to transfer an interest in municipal land. Detroit City Code art. 5, § 18-5-5(a). The City Council did not authorize the conveyance of the disputed property to Cordoba.

Finally, inasmuch as Mr. Cordoba's interest in the property was extinguished when the property reverted to Detroit, Mrs. Cordoba holds no dower interest in the property.

For the foregoing reasons, we AFFIRM the judgment of the district court in all respects.